IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCEL GROEN,

       *Plaintiff*,

   v.

STATE FARM FIRE AND CASUALTY COMPANY,

       *Defendant*.

CIVIL ACTION
NO. 15-05161

**PAPPERT, J.**                                                                                                 **JANUARY 19, 2016**

## MEMORANDUM

On August 18, 2015, Plaintiff Marcel Groen ("Groen") filed this lawsuit against State Farm Fire and Casualty Company ("State Farm") in the Philadelphia County Court of Common Pleas. (ECF No. 1.) Groen's complaint is, in essence, that State Farm breached the terms of its insurance policy and acted in bad faith when it failed to cover damage to Groen's property. (*Id.*) The damage allegedly occurred as a result of a frozen pipe.[1] (*Id.*) On September 16, 2015, State Farm removed the case. (*Id.*) Before the Court are three Motions to Enforce a Subpoena (collectively the "Motions") served on the following entities, none of which are parties in this case: Fresh Air Services, Inc. ("Fresh Air"), Orlando Remodeling ("Orlando") and Teva Landscaping ("Teva") (collectively "the entities"). (ECF Nos. 16, 17, 19.)

On September 16, 2015, State Farm issued to the entities Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena" or the "Subpoenas"). (ECF Nos. 16, 17, 19, Ex. A.) On October 6, 2015, a

---

[1] Groen's complaint does not specify the cause or nature of the property damage. In its Notice for Removal, (ECF No. 1), however, State Farm states that "the claim involves an alleged water damage loss resulting from a frozen pipe which took place on plaintiff's rental property on or about March 4, 2014." (*Id.*)

1

process server personally served the Subpoenas on Fresh Air President Pinhas Malka, Teva owner Ami Dolev and an unnamed adult female at Orlando's business address.[2]  (*Id.*, Ex. B.) The Subpoenas seek "documents including but not limited to invoices, receipts, copies of checks, proposals, . . . pertaining to **Marcel Groen** and/or the property located at 8333 New Second Street, Elkins Park, PA 19027."  (*Id.*, Ex. A.)  After the entities failed to respond, counsel for State Farm sent a letter on October 28, 2015 by certified and regular mail to each entity requesting compliance with the Subpoena.  (*Id.*, Ex. C.)  To date, the entities have failed comply with or otherwise respond to the Subpoenas.  They have also failed to respond to State Farm's Motions.

Federal Rule of Civil Procedure 45 provides the mechanism by which non-parties can be subpoenaed to give testimony and/or produce documents relevant to a pending matter.  *Price v. Trans Union, L.L.C.*, 847 F.Supp.2d 788, 793 (E.D.Pa.2012).  Although there is no specific "relevancy" requirement in Rule 45, a Rule 45 subpoena is limited in scope by Federal Rule of Civil Procedure 26(b)(1).  *Id.*; *see also*, Advisory Committee Notes to Fed. R. Civ. P. 26 and 45. Rule 45 additionally requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  The Rules give federal courts the ability to compel compliance with subpoenas seeking relevant information.  *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa.1996); *see also*, Fed. R. Civ. P. 37 and 45(g).

The Court may grant the Motions as unopposed pursuant to E.D.P.A. Local Rule 7.1.[3] Even a review of the Subpoenas in light of the requirements of Rule 45, however, demonstrates

---

[2]   State Farm attached to its motions affidavits of service and proof of service.  (*See* ECF No. 16, 17, 19, Ex. B.)

[3]   Local Rule 7.1(c) states, in part, that "[i]n the absence of [a] timely response, the motion may be granted as uncontested except as provided under Fed.R.Civ.P 56."

that the information State Farm seeks is relevant and not likely to cause undue burden or expense.

The Subpoenas were properly served in accordance with Rule 45. The "longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454; *see Alfamodes Logistics Liab. Co. v. Catalent Pharma Sols., LLC*, No. CIV.A. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011). Attached to each Motion is a Certification of Service and Proof of Service certifying that a process server personally served each of the entities on October 6, 2015. (*See* ECF Nos. 16, 17, 19, Ex. B.)

Although it is not apparent from the Motions what work Fresh Air, Orlando and Teva performed on the property, State Farm is seeking information that satisfies Rule 26's "relevancy" requirement. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). State Farm is ostensibly seeking material that the entities have related to their work on Groen's property, and perhaps relevant to the frozen pipe that caused the loss. Such information may be relevant to whether Groen's insurance policy with State Farm covers or excludes the property damage, which likely will be the critical inquiry in this dispute.

Having failed to respond to either the Subpoenas or the Motions, it is not apparent how complying with the Subpoenas would cause an undue burden or expense. The material sought is information kept in the ordinary course of business, directly relevant to the work performed on Groen's property and likely relevant to an essential aspect of the case. The Motions are accordingly granted.